Scott D. Simpson, Esq.
THE LAW OFFICE OF SCOTT D. STIMPSON
Suite 1102
445 Hamilton Ave.
White Plains, NY 10601
Tel: 203.258.8412
E-mail: stimpsonlaw@gmail.com

MORGAN, LEWIS & BOCKIUS LLP
ANDREW J. WU, State Bar No. 107941
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: awu@morganlewis.com

Attorneys for Third-Party
PHILIPS LUMILEDS LIGHTING CO. LLC

**Filed**
MAR - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**ORIGINAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV 08-80029 MISC. RMW PVT

| | |
|---|---|
| BRIDGELUX, INC.<br><br>Plaintiff and Counterdefendant,<br><br>vs.<br><br>CREE, INC.<br><br>Defendant and Counterclaimant. | MISCELLANEOUS<br><br>Arising out of the Pending Case in the<br>UNITED STATES DISTRICT COURT<br>for the Eastern District of Texas<br>Case No. 9:06-CV-00240-RHC<br><br>**MOTION OF THIRD PARTY PHILIPS LUMILEDS LIGHTING COMPANY LLC TO QUASH OR MODIFY SUBPOENAS SERVED BY CREE, INC.**<br><br>Date: April 11 2008<br>Time: 9:00 a.m. |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT AND EACH PARTY, NONPARTY, AND ATTORNEY OF RECORD: NOTICE IS HEREBY GIVEN THAT** on April 11, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, third-party Philips Lumileds Lighting Co. LLC ("Lumileds") will and hereby does move the Court to Quash Or Modify Plaintiff's Subpoenas Duces Tecum for the production of documents and Subpoena Ad Testificandum for the taking of a deposition ("the Subpoena"), or in the alternative for a Protective Order.

Lumileds moves for an order quashing the Subpoenas under F.R.C.P. 45, or in the alternative for a Protective Order under F.R.C.P. 26(c), on the grounds that they are overbroad, untimely, improperly served and otherwise defective. This Motion to Quash Or Modify Subpoenas Served By Cree, Inc. is based on this Memorandum of Points and Authorities, the Declaration of Scott Stimpson, the pleadings and papers filed herein, and upon such other matters as may be presented to the Court at the time of hearing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, third party Lumileds respectfully moves to quash or modify subpoenas for document production and deposition, served on it by Cree, Inc. in connection with the above-referenced patent litigation pending in the Eastern District of Texas. The first subpoena is attached as Exhibit A to the Decl. of Scott Stimpson ("Stimpson Decl.").[1]

Counsel for Lumileds has indicated willingness to discuss and possibly compromise on the scope of the subpoenas, as Lumileds recognizes its obligations to comply with third party discovery requests to the extent that they are reasonable and properly requested. Unfortunately, Lumileds was forced to file this motion, because the subpoena was served February 27, and demanded a huge document production three business days later and a deposition only seven days after the production, making timely compliance impossible. Because Cree provided such short notice to Lumileds, the parties have not been able to fully meet and confer to reach a compromise. *See* Civil L.R. 30-1. Cree has been unable to extend the date of the subpoenaed deposition (and hence the due date for this motion) beyond Monday, March 10, due to a fact discovery deadline in the underlying Texas action.

There are reasonable grounds to quash the Cree subpoena as explained below, but should the Court decline to quash the subpoena, then Lumileds respectfully requests that it be allowed additional time to try to reach an amicable compromise with Cree, or alternatively that the Court issue an order directing Cree to reissue the subpoena with substantially narrowed categories of documents and topics for deposition.

---

[1] A second, revised subpoena was issued today demanding production and deposition on Monday, March 10. Stimpson Decl., Exhibit B. This subpoena is substantively identical to the first subpoena except that it identifies the Texas court, and provides advance notice to Cree's opposing counsel. All other positions in this paper apply equally to both subpoenas.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3
PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

## II. FACTS

The litigation giving rise to these subpoenas is pending in the Eastern District of Texas. The case involves patents asserted by both Cree and Bridgelux, generally relating to light-emitting diodes ("LEDs"). Apparently, some early work of Lumileds' predecessor, the Hewlett-Packard Company ("HP"), which ended up with Lumileds after Lumileds was created, is allegedly relevant prior art to one or more patents in the underlying Texas action. The parties have already obtained discovery on this prior art from other sources. And while this prior art has been known for some time, and fact discovery is set to close on March 10 in the Texas case, Lumileds was not subpoenaed until very recently.

The Cree subpoena was served on Lumileds on Wednesday, February 27. It sought production, by the following Monday, of a vast amount of extremely sensitive documents, including all documents relating to nine very broad categories. Stimpson Decl., Exhibit A. Lumileds objected to all the requested document production, but indicated in the objections that it would be willing to discuss a reasonable compromise. Stimpson Decl., Exhibit C.

The subpoena also commanded the attendance of Lumileds witnesses on all of these nine technical areas, and the deposition was to be held a week following the production, on March 10 – the last day of fact discovery in the Texas case. Stimpson Decl., Exhibit A.

## III. OBJECTIONS

### A. Objections to the Requested Document Production

Rule 45(c)(3)(A)(i) and (iv) states that the issuing court "must quash or modify a subpoena" that fails to allow reasonable time for compliance or subjects a person to undue burden.

The scope of documents requested by the subpoenas is substantial, and Cree has made no showing as to why such a broad request for sensitive technical documents is necessary to the underlying Texas action. *See* Stimpson Decl., Exhibit A. Because of the sweeping scope of the requests, they place an undue burden on Lumileds. For each of numerous technology areas, for example, the subpoenas sought full production of all "laboratory notebooks, engineering

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

4

PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, diagrams, and/or invention disclosures." Stimpson Decl., Exhibit A, Attachment B, paragraphs 1, 2, 3, 5, 6, and 7. These various paragraphs each cover substantial territory, such as all work on broad patented subject matters (paragraphs 1-3), work related to the Lumileds GaN (gallium-nitride) LED product line (paragraph 6), and all work on an entire LED project (paragraph 7). The subpoenas also request every document having any relation to communications with a former employee (paragraph 4), all documents relating to Lumileds confidentiality policies (paragraph 8), and all documents related to some unidentified "alleged prior art" (a request that is also too vague for compliance). The burden of gathering and producing these documents would be extreme, as is clear from the requests themselves.

This Court and the Ninth Circuit have quashed subpoenas under similar circumstances. *See Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (affirming quashing of subpoena where "no attempt had been made to try to tailor the information request to the immediate needs of the case"); *Nidec Corp. v. Victor Co. of Japan*, No. C-05-0686, 2007 U.S. Dist. LEXIS 48841, 6-7 (N.D. Cal. July 3, 2007) (granting motion to quash subpoena for documents because "[t]he burden on the third party... outweigh[ed] the likely benefit of the subpoena").

The Cree subpoena demanded the entirety of this production within three business days. This extremely short time for compliance does not remotely comply with the requirements of Rule 45. *Traina v. Blanchard*, No. 97-348, 1998 U.S. Dist. LEXIS 5634, at *6-8 (E.D. La. Apr. 16, 1998) (subpoena requesting document production in six days fails to comply with Rule 45).

The objections recited in Stimpson Decl., Exhibit C are all incorporated herein, specifically including but not limited to Lumileds' objections to producing any privileged materials.

**B.    Objections to the Deposition**

The deposition topics mimic the document production categories, and are objectionable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

5    PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

for the same reasons stated above. The topics are far too broad, there has been no demonstration of relevance to the underlying Texas action, it would be incredibly burdensome on Lumileds to try to locate and provide witnesses for all these areas of inquiry, and the subpoena does not allow a reasonable time for compliance. *Mattel*, 353 F.3d at 813 (quashing subpoena where deposition topics were overbroad); *Anderson v. Shell Oil Co.*, No. 93-2235, 1996 U.S. Dist. LEXIS 7497, at *7 (E.D. La. 1996) ("The Court finds that plaintiff's seven day notice of deposition to be unreasonable in light of the extensive information requested from defendant corporation").[2]

## IV.  ALTERNATIVE REQUEST FOR A PROTECTIVE ORDER

Should the Court decline to quash the subpoenas in their entirety, Lumileds respectfully requests a protective order, directing Cree to reissue the subpoenas with <u>substantially</u> narrowed categories of documents and deposition topics tailored to specific, identified needs in the underlying litigation. *Anderson*, 1996 U.S. Dist. LEXIS at *7 (protective order that subpoena be reissued and narrowly tailored to issues of the underlying litigation); *Atari Corp. v. Sega of Am.*, 161 F.R.D. 417 (N.D. Cal. 1994) (denying motion to quash third-party subpoena for documents and deposition, but modifying document request and granting protective order narrowing scope).

Prior to any documents or information being produced, Lumileds should be provided strict protection under a suitable protective order, because both Cree and Bridgelux are Lumileds competitors and the materials sought are very confidential. Lumileds is confident that suitable terms for any disclosure can be agreed by counsel for the parties and Lumileds.

---

[2] The subpoena also failed in other respects to comply with Fed.R.Civ.P. 45. Cree did not provide notice to its opposing party prior to service, as required by Rule 45(b)(1); it did not correctly identify the court of the underlying litigation as required by Rule 45(A)(1)(a)(ii); and it did not state the deposition recording method pursuant to Rule 45(a)(1)(B). The subpoena also was not served on counsel for Lumileds.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6   PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)

## V. CONCLUSION

For all the foregoing reasons, Lumileds respectfully requests that the Cree subpoenas be quashed, or that Cree be ordered to reissue the subpoenas with substantially narrowed categories and taking full consideration of any burdens to be imposed on Lumileds.

Dated: March 7, 2008

MORGAN, LEWIS & BOCKIUS LLP
ANDREW J. WU

By: /s/ Andrew J. Wu
Andrew J. Wu
Attorney for Third-party
Philips Lumileds Lighting Co. LLC