1  Scott D. Simpson, Esq.
   THE LAW OFFICE OF SCOTT D. STIMPSON
2  Suite 1102
   445 Hamilton Ave.
3  White Plains, NY 10601
   Tel: 203.258.8412
4  E-mail: stimpsonlaw@gmail.com

5
   MORGAN, LEWIS & BOCKIUS LLP
6  ANDREW J. WU, State Bar No. 107941
   2 Palo Alto Square
7  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306
8  Tel:  650.843.4000
   Fax:  650.843.4001
9  E-mail:  awu@morganlewis.com

10
   Attorneys for Third-Party
11 PHILIPS LUMILEDS LIGHTING CO. LLC

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                         SAN JOSE DIVISION
15

16                                        CV 08 - 80029 MISC.
   BRIDGELUX, INC.                        MISCELLANEOUS
17
          Plaintiff and Counterdefendant,
18                                        Arising out of the Pending Case in the
               vs.                        UNITED STATES DISTRICT COURT
19                                        for the Eastern District of Texas
   CREE, INC.                             Case No. 9:06-CV-00240-RHC
20
          Defendant and Counterclaimant.  DECLARATION OF SCOTT STIMPSON IN
21                                        SUPPORT OF MOTION OF THIRD PARTY
                                          PHILIPS LUMILEDS LIGHTING
22                                        COMPANY TO QUASH OR MODIFY
                                          SUBPOENAS SERVED BY CREE, INC.
23
                                          Date: April 11, 2008
24                                        Time: 9:00 a.m.

25
                   DECLARATION IN SUPPORT OF MOTION
26

27 I, Scott Stimpson, hereby declare as follows:
28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
    PALO ALTO

                                    1

**Filed**

MAR - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ORIGINAL

1.     I am an attorney with The Law Office of Scott D. Stimpson, counsel for Third-party Philips Lumileds Lighting Co. ("Lumileds"), a non-party to the above-captioned case.

2.     I submit this Declaration in Support of Lumileds' Motion of Third Party Philips Lumileds Lighting Company To Quash Or Modify Subpoenas Served By Cree, Inc.

3.     I received a copy of Cree's first subpoena on February 27, 2008. Counsel for Cree did not serve this subpoena on me or to my knowledge any other counsel for Lumileds.

4.     In numerous phone calls and correspondence with counsel for both Cree, Inc. and BridgeLux, Inc., I have encouraged both parties to agree on a more reasonable, narrower scope for this subpoena. Alternately, I sought an extension for our time to respond to the subpoena so that Lumileds could avoid filing this motion today.

5.     I was unable to reach an agreement with either party.

6.     Attached as Exhibit A is a true and correct copy of a subpoena issued by Cree directed to Lumileds which I received on February 27, 2008.

7.     Attached as Exhibit B is a true and correct copy of a revised subpoena issued by Cree directed to Lumileds which I received on March 7, 2008.

8.     Attached as Exhibit C is a true and correct copy of Lumileds' objections to the February 27, 2008 subpoena issued by Cree directed to Lumileds, dated February 29, 2008.

9.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of March, 2008 in Palo Alto, California.

By: *Andrew Wu for Scott Stimpson*

Andrew Wu on behalf of Scott Stimpson
Attorney for Third-party
Philips Lumileds Lighting Co.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

*PHILIPS LUMILEDS LIGHTING CO.'S
MOT. TO QUASH CREE, INC.'S
SUBPOENA (MISC.)*

OAO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

BRIDGELUX, INC.

          Plaintiff/Counterclaim Defendant         **SUBPOENA IN A CIVIL CASE**
              V.

CREE, INC.,

          Defendant/Counterclaim Plaintiff       Case Number:     9:06-CV-00240-RHC

TO:     Philips Lumileds Lighting Company
        370 West Trimble Road
        San Jose, CA 95131
        (408) 964-2900

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to Rule 30(b)(6) of the Fed. R. Civ. P. on the topics listed below.. See Attachment A attached hereto

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP | |
| 201 Redwood Shores Pkwy, Redwood Shores, CA 94065 | March 10, 2008 |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attachment B attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP, | |
| 767 Fifth Avenue, New York, NY 10153 | March 3, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*            Attorney for Defendant | February 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David C. Radulescu, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153
(212) 310-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## INSTRUCTIONS

1.      Each document request in Attachment A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2.      These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody or control prior to the date of the production.  If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.      If no documents are responsive to a particular request, you are to state in your response that no responsive documents exist.

4.      If you contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted therefrom, showing on the face of the produced document the location of the redaction, and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 4 above.

5.      These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

6.      Each document is to be produced along with all drafts, without abbreviation or redaction.

7.      In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome, and state

specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

8.    In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

9.    As used in this Subpoena, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including without limitation"; and "involve," "involving," "relates to," "relating to," "in relation to," "related to" and their cognates shall mean pertaining to, referring to, relating to, constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, supporting, and/or contradicting the matter specified in any way, in whole or in part, all so as to be most inclusive.

## DEFINITIONS

Except as otherwise set forth below in this section, the definitions set forth in Rules 26 and 45 of the Federal Rules of Civil Procedure are incorporated by reference.

1.    "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

2.    "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including all materials that constitute writings, recordings, or photographs within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

The word "document" includes electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any document bearing any marks, including initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate document that is also included in the request.

3.     "Lumileds" means Philips Lumileds Lighting Company, including its predecessors and successors, including without limitation, Hewlett-Packard Development Company, L.P., Agilent Technoligies, all past and present directors, officers, employees, agents, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

4.     "Cree's patents" refers to U.S. Patent Nos. 6,614,056 and 6,885,036.

## ATTACHMENT A: TOPICS FOR DEPOSITION

<u>NO. 1.</u>    All facts and circumstances relating to the conception of the alleged invention claimed in U.S. Patent No. 6,307,218, to Steigerwald et al. (the "'218 patent"), including without limitation, the named inventors' research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, masks, mask set designs, photocopies of masks, project history files, emails, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

<u>NO. 2:</u>    All facts and circumstances relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, any diligence involved in reduction to practice the alleged invention of the '218 patent, and all documents or communications relating thereto, including without limitation, project history files, notes, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, invention disclosures, or patent prosecution records.

<u>NO. 3:</u>    All facts and circumstances relating to the contributions of each of the named inventors of the '218 patent to the conception, diligence in reduction to practice or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation Dr. Steve Lester's contribution to the alleged invention of the '218 patent, including without limitation, Dr. Lester's contribution to the interdigitated electrode patterned LEDs disclosed in the '218 patent, and all documents relating thereto.

<u>NO. 4:</u>     All communications between Lumileds and Dr. Steven Lester relating to the subject matter of the '218 patent, Cree's patents, and/or the use interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's communications with George Crawford, Lou Dadok, and/or Brian Oganowski, relating to the same.

<u>NO. 5:</u>     All facts and circumstances relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO. 6:</u>     All facts and circumstances relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO. 7:</u>     All facts and circumstances relating to the confidentiality policies of work relating to LEDs at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research & development.

<u>NO. 8:</u>     All facts and circumstances relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress

reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

NO. 9:    All facts and circumstances relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

## ATTACHMENT B: DOCUMENT PRODUCTION CATEGORIES

__NO. 1__:    All documents and things relating to the conception of the relating to the conception of the alleged invention claimed in the '218 patent, including without limitation, documents relating to the research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, engineering notebooks, laboratory notebooks, project history files, emails, masks, mask set designs, mask set photocopies, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

__NO. 2__:    All documents and things relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

__NO. 3__:    All documents and things relating to the respective contributions of each of the named inventors of the '218 patent to the conception and/or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, presentations, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

__NO. 4__:    All documents and things relating to communications between Lumileds and Dr. Steve Lester, relating to the subject matter of the '218 patent, Cree's patents and/or the use of interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's

communications with George Crawford, Lou Dadok, and/ or Brian Oganowski relating to the same.

<u>NO. 5:</u>    All documents and things relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO. 6:</u>    All documents and things relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO.7:</u>    All documents and things relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

<u>NO. 8:</u>    All documents and things relating to the confidentiality policies of work relating to LEDs, at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research and development.

<u>NO. 9:</u>    All documents and things relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

BRIDGELUX, INC.

      Plaintiff/Counterclaim Defendant
          V.

CREE, INC.,

      Defendant/Counterclaim Plaintiff

**SUBPOENA IN A CIVIL CASE**

Case Number:     USDC EDTX 9:06-CV-00240-RHC

TO:    Philips Lumileds Lighting Company
       370 West Trimble Road
       San Jose, CA 95131
       (408) 964-2900

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to Rule 30(b)(6) of the Fed. R. Civ. P. on the topics listed below.. <u>See</u> Attachment A attached hereto

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP | |
| 201 Redwood Shores Pkwy, Redwood Shores, CA 94065 | March 10, 2008, 9.00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    <u>See</u> Attachment B attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP, | |
| 767 Fifth Avenue, New York, NY 10153 | March 10, 2008, 9 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Lynne Borchers*    Attorney for Defendant | March 7, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lynne Borchers, Myers Bigel Sibley & Sajovec, P.A 4140 Parklake Avenue , Suite 600 Raleigh NC 27627
(919) 854-1400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## INSTRUCTIONS

1.      Each document request in Attachment A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2.      These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody or control prior to the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.      If no documents are responsive to a particular request, you are to state in your response that no responsive documents exist.

4.      If you contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted therefrom, showing on the face of the produced document the location of the redaction, and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 4 above.

5.      These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

6.      Each document is to be produced along with all drafts, without abbreviation or redaction.

7.      In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome, and state

specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

8.      In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

9.      As used in this Subpoena, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including without limitation"; and "involve," "involving," "relates to," "relating to," "in relation to," "related to" and their cognates shall mean pertaining to, referring to, relating to, constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, supporting, and/or contradicting the matter specified in any way, in whole or in part, all so as to be most inclusive.

## DEFINITIONS

Except as otherwise set forth below in this section, the definitions set forth in Rules 26 and 45 of the Federal Rules of Civil Procedure are incorporated by reference.

1.      "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

2.      "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including all materials that constitute writings, recordings, or photographs within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

The word "document" includes electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any document bearing any marks, including initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate document that is also included in the request.

3.    "Lumileds" means Philips Lumileds Lighting Company, including its predecessors and successors, including without limitation, Hewlett-Packard Development Company, L.P., Agilent Technoligies, all past and present directors, officers, employees, agents, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

4.    "Cree's patents" refers to U.S. Patent Nos. 6,614,056 and 6,885,036.

## ATTACHMENT A: TOPICS FOR DEPOSITION

**NO. 1.**    All facts and circumstances relating to the conception of the alleged invention claimed in U.S. Patent No. 6,307,218, to Steigerwald et al. (the "'218 patent"), including without limitation, the named inventors' research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, masks, mask set designs, photocopies of masks, project history files, emails, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**    All facts and circumstances relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, any diligence involved in reduction to practice the alleged invention of the '218 patent, and all documents or communications relating thereto, including without limitation, project history files, notes, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, invention disclosures, or patent prosecution records.

**NO. 3:**    All facts and circumstances relating to the contributions of each of the named inventors of the '218 patent to the conception, diligence in reduction to practice or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation Dr. Steve Lester's contribution to the alleged invention of the '218 patent, including without limitation, Dr. Lester's contribution to the interdigitated electrode patterned LEDs disclosed in the '218 patent, and all documents relating thereto.

**NO. 4:**    All communications between Lumileds and Dr. Steven Lester relating to the subject matter of the '218 patent, Cree's patents, and/or the use interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's communications with George Crawford, Lou Dadok, and/or Brian Oganowski, relating to the same.

**NO. 5:**    All facts and circumstances relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**    All facts and circumstances relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 7:**    All facts and circumstances relating to the confidentiality policies of work relating to LEDs at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research & development.

**NO. 8:**    All facts and circumstances relating to the project or product named "Barracuda" (*See* http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress

reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 9:**    All facts and circumstances relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

## ATTACHMENT B: DOCUMENT PRODUCTION CATEGORIES

**NO. 1:**    All documents and things relating to the conception of the relating to the conception of the alleged invention claimed in the '218 patent, including without limitation, documents relating to the research, design, development, or engineering of the subject matter disclosed or claimed in the '218 patent, including without limitation, engineering notebooks, laboratory notebooks, project history files, emails, masks, mask set designs, mask set photocopies, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**NO. 2:**    All documents and things relating to the first actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 3:**    All documents and things relating to the respective contributions of each of the named inventors of the '218 patent to the conception and/or the actual or constructive reduction to practice of the alleged invention of the '218 patent, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, presentations, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, or invention disclosures.

**NO. 4:**    All documents and things relating to communications between Lumileds and Dr. Steve Lester, relating to the subject matter of the '218 patent, Cree's patents and/or the use of interdigitated electrodes or contacts in LEDs, including without limitation, Dr. Lester's

communications with George Crawford, Lou Dadok, and/ or Brian Oganowski relating to the same.

**NO. 5:**    All documents and things relating to the HP Invention Disclosure entitled "Interdigitated contact structure for InGaN/sapphire LEDs," filed by Dr. Steven Lester and Dr. Daniel Steigerwald, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, mask set photocopies, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 6:**    All documents and things relating to Dr. Steven Lester's work at HP on GaN based LEDs, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO.7:**    All documents and things relating to the project or product named "Barracuda" (*See*  http://home.att.net/~ledmuseum/agilent.htm), including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

**NO. 8:**    All documents and things relating to the confidentiality policies of work relating to LEDs, at Lumileds, including without limitation, any policies restricting employees from publicly disclosing the subject matter of Lumileds' patent applications and/or research and development.

**NO. 9:**    All documents and things relating to all alleged prior art to Cree's patents, including without limitation, related laboratory notebooks, engineering notebooks, project history files, emails, notes, masks, mask set designs, mask set photographs, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, memoranda, drawings, schematics, specifications, memoranda, diagrams, and/or invention disclosures.

From: **Scott Stimpson** <stimpsonlaw@gmail.com>
Date: Feb 29, 2008 3:23 PM
Subject: Objections to subpoena in Bridgelux litigation
To: David Radulescu <david.radulescu@weil.com>
Cc: Eric Kraeutler <ekraeutler@morganlewis.com>, Michael Lyons
<mlyons@morganlewis.com>

Dear David:

This provides our objections to the subpoena served on Philips Lumileds ("Lumileds") in the Bridgelux v. Cree litigation.

This is the second time you have subpoenaed Lumileds without sending us a copy of the subpoena, although you were aware that we are representing Lumileds in this matter from our prior conversation. We should not need to remind you of your obligations to serve discovery requests on counsel for the subpoenaed party.

I am also troubled by the fact that you served this subpoena so that it was received by Lumileds on Wednesday, and it demands a vastly overbroad document production by the following Monday. Federal Rule 45 states that you were to take reasonable steps to avoid imposing undue burden and expense on Lumileds, and it seems to us that virtually no thought was given to the burden or expense imposed on Lumileds.

There is also no indication that you copied your opposing counsel on the subpoena. We will need to know the identities of your opposing counsel and bring them into the loop please, as they will have an interest if any compromises are made with regard to document production and depositions – we will not go through this process a second time with counsel for Bridgelux.
General Objections

Rule 45 requirements: The subpoena was not properly issued, as it fails to comply with Rule 45, and no steps were taken to avoid imposing undue burden and expense on Lumileds (Section (c)(1) of Rule 45).

Lumileds objects to instruction numbers 2 and 3 as being overly broad and unduly burdensome and beyond the scope of a proper subpoena. Lumileds will produce responsive documents, if any and subject to all other objections, that are in its possession, custody, or control.

Lumileds objects to <u>instruction 4</u> as being overly broad and unduly burdensome, with regard to preparation of any privilege log, and vague and ambiguous in its reference to "the instructions in paragraph 4, above."

Lumileds objects to <u>instructions 7 and 8</u>, as it is not the burden of Lumileds to draft properly narrowed and clear requests.   Lumileds counsel will work with counsel for Cree to attempt to amicably resolve any issues.

Lumileds objects to <u>definition 3</u>, as being overly broad and unduly burdensome. Lumileds will respond only with regard to Philips Lumileds Lighting Company, and no other entity.   To the extent any request in the subpoena employs a different definition of "Lumileds" it is objected to as being overly broad, unduly burdensome, and as calling for information and documents not within the possession, custody, or control of the subpoenaed party.

## Objections to Specific Document Requests

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Lumileds objects to the requests for documents on the following grounds:

<u>General Objections</u>:  The subpoena fails to allow a reasonable time for compliance, and the time and place specified for production are otherwise unreasonable. See also L.R. Civ. 30-1. Lumileds also objects to the extent any requested documents contain information protected by the attorney-client privilege or work product immunities.   Such information will be redacted from any documents that are produced.  Lumileds also objects to production of any confidential documents absent a clear showing of need, and should such a showing of need be made then the documents will be produced only under the terms of a strict protective order. Lumileds also objects because no steps (let alone the required "reasonable steps") were taken to avoid imposing undue burden and expense on Lumileds, as all of these requests are vastly overbroad. Lumileds reserves its right to take appropriate action pursuant to Rule 45(c)(1). Lumileds also objects to the extent these requests seek publicly available information.

<u>Requests 1-4</u>:  These requests are overly broad and unduly burdensome, and call for documents that are not reasonably calculated to lead to the discovery of admissible evidence.   Lumileds also objects to these requests to the extent they might be construed as calling for documents protected by the attorney-client privilege or work product immunity.  Upon a showing by Cree of substantial relevance and need for the documents to the specific issues in the litigation, and upon terms of a suitable and strict protective order, Lumileds will consider producing limited and non-privileged documents sufficient to show the conception, diligence, and reduction to practice of the inventions claimed in the '218 patent.

<u>Requests 5-7</u>: These requests are overly broad and unduly burdensome, and call for documents that are not reasonably calculated to lead to the discovery of admissible evidence.   Lumileds also objects to these requests to the extent they might be

construed as calling for documents protected by the attorney-client privilege or work product immunity. Lumileds will consider production of a limited and non-privileged set of documents only upon a showing by Cree of substantial relevance and need, and upon terms of a suitable and strict protective order.

Request 8: This request is overly broad and unduly burdensome, and calls for documents that are not reasonably calculated to lead to the discovery of admissible evidence. Lumileds also objects to this request to the extent it might be construed as calling for documents protected by the attorney-client privilege or work product immunity. No documents will be produced in response to this request.

Request 9: This request is overly broad and unduly burdensome, and calls for documents that are not reasonably calculated to lead to the discovery of admissible evidence. The request is also vague and ambiguous, as it is largely unintelligible. (What "alleged prior art"? Who made the allegation?) Lumileds also objects to the extent this request might be construed as calling for information protected by the attorney-client privilege or work product immunities. No documents will be produced in response to this request.

Objections to Request for Deposition Testimony

For all of the above reasons and more, Lumileds also objects to the subpoena to the extent it requests deposition testimony. Lumileds will not produce a deponent except for narrowly defined topics, and only upon a specific showing by Cree of relevance and need, and under no circumstances will a deponent be allowed to disclose information subject to the attorney-client privilege or work product immunities. Lumileds reserves the right to supplement its objections and/or to move for a protective order or to quash the subpoena.

We request your agreement that any deposition be postponed and addressed again after any document production. At that time, we can address narrowed and appropriate topics, and Lumileds would still have time to file any necessary motion to quash or for a protective order.

Sincerely,


Scott D. Stimpson



--

Scott D. Stimpson

The Law Office of Scott D. Stimpson

Suite 1102

445 Hamilton Avenue

White Plains, NY 10601

email: stimpsonlaw@gmail.com

phone: 203-258-8412

Disclaimer: This email is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy, or distribute this message. If you have received this communication in error, please notify me immediately by email and delete the original message.